J-A03012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JEANNE R. HEYMANN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDY L. MILLER AND IDA A. MILLER AND DAVID M. DECRISTO AND AMY DECRISTO; RANDY L. CASTLE AND DARLENE J. CASTLE | |
| APPEAL OF: DAVID M. DECRISTO AND AMY DECRISTO; RANDY L. CASTLE AND DARLENE J. CASTLE | No. 95 MDA 2014 |

Appeal from the Order entered December 17, 2013
In the Court of Common Pleas of Bradford County
Civil Division at No: 08 EQ 000659

BEFORE:  MUNDY, STABILE, and FITZGERALD,[*] JJ.

CONCURRING MEMORANDUM BY STABILE, J.:  **FILED NOVEMBER 18, 2015**

I concur with the result reached by the learned Majority, but I respectfully disagree as to the bases upon which the Majority reaches its decision.

The Majority concludes the trial court erred in granting summary judgment to Heymann on the basis the statute of frauds did not apply and that material issue of fact exists as to whether there was an **oral** agreement between the parties.  Majority memorandum at 13-14.  I believe the

_____

[*] Former Justice specially assigned to the Superior Court.

Majority improperly applies the statute of frauds and improperly looks to see only if an oral agreement was reached to determine if specific performance may be granted to Heymann.

Heymann moved for summary judgment for specific performance on the basis she reached an oral agreement with Miller for the purchase of the real estate, which the Millers memorialized in a signed writing. Motion for Summary Judgment, ¶5(a) and (b). In response, the Millers admitted there was an oral agreement, but averred there was an understanding that a formal agreement of sale would be prepared and agreed upon. Millers' Answer to Plaintiff's Motion for Summary Judgment, ¶5(a) and (d). The Millers also admitted Heymann's averments that the Millers subsequently put all the essential terms of the oral agreement into a writing signed by the Millers. *Id.* The Millers nonetheless alleged the oral agreement was incomplete and did not satisfy the statute of frauds. *Id.* The Millers likewise moved for summary judgment asserting there was no genuine issue of material fact that no binding enforceable sales agreement was entered into between the parties. The trial court granted summary judgment in favor of Heymann finding that the oral agreement between the parties was not barred by the statute of frauds, and that the additional terms Heymann sought to add to the written sales agreement did not invoke the statute of frauds. In disposing of the parties competing motions for summary judgment, the trial court was required to resolve two questions: one, whether the oral agreement between the parties was barred by the statute

of frauds, and two, if not, then whether there was a binding agreement of sale between the parties, and if so, what were the terms of that agreement.

The statute of frauds, as it pertains to interests in lands, instructs that a transfer of an ownership interest in real property is not enforceable unless evidenced in writing and signed by the party creating the interest. 33 P.S. § 1, *Hessenthaler v. Farzin*, 564 A.2d 990, 992 (Pa. Super. 1989). While a formal memorandum or agreement of sale is not required under the statute of frauds, there must exist a writing that adequately describes the property, the consideration, and the writing must be signed by the party to be charged. *American Leasing v. Morrison Co.*, 454 A.2d 555, 557 (Pa. Super. 1982). While the statute of frauds requires a writing, an oral agreement is not barred by the statute of frauds so long as the oral agreement is embodied in a writing that satisfies the statute. *See Beeruk Estate,* 241 A.2d 755, 758 (Pa. 1968) (parol evidence that will was intended to embody the terms of a contract not barred by the statute of frauds). The statute of frauds, however, will bar enforcement of a writing if its terms are dependent upon another unsigned writing, or prior or subsequent oral admissions or conduct. *See Target Sportswear, Inc. v. Clearfield Foundation*, 474 A.2d 1142, 1148-50 (Pa. Super. 1984) (signed contract modified by letter and oral admissions and conduct for purchase of real estate barred by statute of frauds) (*citing Brown v. Aiken*, 198 A. 441, 447 (Pa. 1938)). "Where a written agreement is varied by oral testimony the whole contract in legal contemplation becomes parol." *Id.* at 1149. When

the writing is converted into an oral agreement, the statute declares it to 'be void'. *Id.* In other words, if a contract is found to exist only by reference to other unsigned writings and/or oral testimony, the contract will be barred from enforcement by the statute of frauds.

Instantly, the record on summary judgment reveals that Heymann and Mr. Miller orally agreed to Heymann's purchase of the Millers' property for the sum of $305,000.[1] The parties agree that the essential terms of that oral agreement were put into the written sales agreement prepared by Millers' counsel and signed by the Millers. I do not believe, as the Majority apparently does, that the trial court erred in finding the statute inapplicable in this case. Rather, I believe the issue requires additional fact-finding. The parties agree the written agreement contained the essential terms of the oral agreement, and thus, as required by the statute of frauds, the oral terms were reduced to a signed writing against the party to be charged. If the written sales agreement merely reduced the oral agreement to writing without any material modifications, the statute of frauds would not bar enforcement of the oral agreement. Nonetheless, it also is undisputed that the written agreement contained additional terms that were not a part of the

---

[1] While the oral agreement was reached between Heyman and Andy Miller, the sales agreement was signed by both Andy L. Miller and Ida A. Miller. No issue has been raised in this case as to Mr. Miller's ability to negotiate on behalf of and to bind Ida. A. Miller to the oral agreement reached with Heyman.

oral agreement. As these additional written terms were contained in a signed writing, the statute of frauds likewise would not be a bar to their enforcement if agreed to by the parties. The question remains however, whether the terms of the oral agreement were modified by the terms of the written agreement, and if so, whether an agreement still can be found to exist, and if so, what are the terms of the parties' agreement.

To form a contract, there must be an offer, acceptance, and consideration or mutual meeting of the minds between the contracting parties. *Yarnell v. Almy*, 703 A.2d 535 (Pa. Super. 1997). An acceptance of an offer however, is not an acceptance if it **materially** alters the terms of the offer. *Id.*; *see Thomas A. Armbruster, Inc. v. Barron*, 491 A.2d 882 (Pa. Super. 1985). Not all conditions attendant to an acceptance are material, and conditions that are ministerial formalities would not defeat the finding of a valid offer and acceptance, and hence an enforceable contract. *Id.* If facts are in dispute, the question of contract formation is for a jury. *Id.*

Here, the record on summary judgment reflects the parties reached an oral agreement for the purchase by Heymann of the Millers' property. The Millers had their counsel reduce this agreement to a formal sales agreement. Heymann responded, but proposed a number of additional terms that a) Heymann's counsel considered missing and deficient in the agreement, b) were standard to a sales agreement that Miller testified were discussed and agreed upon, and c) other paragraphs that had not been discussed and

agreed to (*i.e.* prohibition against assignment of agreement). The trial court noted the memo by Heymann's counsel to the sales agreement did not state the original terms agreed to were rejected or that Heymann did not intend to proceed with the agreement reached between her and Miller, or whether her additional terms and conditions were a counter offer. Trial Court Opinion, 12/17/13, at 1-4.

It is apparent a number of scenarios, including the following, are possible to a finding of whether an enforceable agreement existed between the parties. It is possible the oral agreement memorialized in the sales agreement is enforceable, if the sales agreement did not materially alter the terms of the oral agreement. In these circumstances, the statute of frauds would not bar enforcement of the agreement. **See Beeruk**, **supra**. If, however, the sales agreement materially altered the oral agreement, then the oral agreement would be barred by the statute of frauds, because no written agreement exists to confirm the oral agreement. **Target Sportswear**, 474 A.2d at 1148-50. In this latter case, the sales agreement could be considered a new offer. If so, the parties entered a binding contract only if Heymann accepted the offer. To answer that question, the fact finder would have to determine whether Heymann's subsequent memo constituted an acceptance of the offer or if Heymann's additional terms materially altered the Millers' proposal. If Heymann's response materially altered the terms of the Millers' proposed sales agreement, the fact finder could consider Heymann's response a rejection and counter offer. Finally,

there is the question raised by the Millers:  was a mutually agreeable written sales agreement an express condition precedent of the oral agreement reached between the parties?  On this latter point, we note the general rule that where an act mentioned in a contract is not expressly made a "condition precedent," it will not be so construed, unless that clearly appears to be the intention of the parties.  ***American Leasing***, 454 A.2d at 559.  Accordingly, I concur with the Majority that the trial court erred by concluding there was an enforceable agreement between the parties and in granting summary judgment, as there are material issues of fact that preclude summary relief.

In conclusion, I agree with the Majority that the trial court erred in granting summary judgment on Heymann's motion.  I also agree with the Majority that the trial court correctly denied summary judgment on the Millers' motion, but disagree that the only relevant inquiry is whether there was a meeting of the minds on the oral discussion between the parties.  As outlined above, I believe there are numerous other possibilities to the outcome of this case that raise genuine issue of material fact.

For all of the foregoing reasons, I respectfully concur in the result reached by the Majority.

Justice Fitzgerald concurs in the result of this concurring memorandum.